UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JANE BOUDREAU,**  Case No. 07-10529

    **Plaintiff,**  Hon. Victoria A. Roberts

v.

**MICHAEL BOUCHARD, MICHAEL McCABE,**
**DAMON SHIELDS, JAMES A'HEARN,**
Individually and in their official capacities,
and **COUNTY OF OAKLAND,**

    **Defendants.**
_____

**ORDER COMPELLING DEFENDANTS TO PROVIDE**
**COMPLETE AND FULL RESPONSES TO PLAINTIFF'S**
**FIFTH AND EIGHTH REQUESTS FOR PRODUCTION DOCUMENTS**

**I.   BACKGROUND**

Plaintiff, an 18-year veteran of the Oakland County Sheriff's Department, brings this action against the County of Oakland, the Oakland County Sheriff and Under-Sheriff, a Major and a Lieutenant, alleging wrongful discharge, gender discrimination, slander and libel. Plaintiff filed a Motion to Compel Full and Complete Responses to Plaintiff's Fifth and Eight Requests for Production of Documents. Plaintiff seeks production of: (1) The employee disciplinary records of 17 employees of the Sheriff's Department; (2) Records regarding disciplinary action taken against other employees for violation of department rules and regulations, including the rules which Plaintiff allegedly violated; and (3) Documents regarding the 1999 investigation of Deputy Randy Maloney by the Special Investigations Units, particularly by Sgt. Gray Miller.

1

The Court held a telephone hearing on August 22, 2008.

## II. PLAINTIFF'S ARGUMENTS

### A. EMPLOYEE DISCIPLINE RECORDS

Plaintiff believes that the 17 employees committed violations of rules and regulations far more egregious than those alleged against her. They have not been disciplined. Plaintiff says the employee discipline records are relevant to her burden to prove gender discrimination and that she has been treated different than similarly situated males.

### B. RECORDS RE: DISCIPLINARY ACTIONS AGAINST OTHER EMPLOYEES

Plaintiff cites to at least three male employees who remained on the job after criminal arrests and/or convictions. Plaintiff says the disciplinary records of these and other employees, particularly documents showing the action taken for their violations of departmental rules and regulations, would tend to show that the decision to terminate her was not consistent with the treatment received by male co-workers.

### C. RECORDS RE: THE SPECIAL INVESTIGATIONS UNIT'S INVESTIGATION OF DEPUTY MALONEY

Plaintiff says Sgt. Gary Miller conducted much of the investigation that led to her termination, including witness interviews with nearly one dozen individuals. Plaintiff says his credibility is critical to Defendant's case. Plaintiff also says Miller is a similarly situated male. Plaintiff says the records regarding Sgt. Miller's investigation of Deputy Maloney are relevant; they go to the issues of credibility and disparate treatment. In the Deputy Maloney matter, Sgt. Miller was accused of raping the witness, Deputy

2

Maloney's wife, sometime during or soon after his investigation. Sgt. Miller claimed the sex was consensual. He was never disciplined. Plaintiff says the requested documents impeach his credibility because they will show inconsistencies between his deposition testimony in this matter and prior statements regarding the alleged rape and investigation. Plaintiff says they will also tend to show that she was treated differently than her male counterparts.

### D. DEFENDANTS IMPROPERLY CLAIM AN UNSPECIFIED PRIVILEGE

Plaintiff says the Defendants objected to the production of the documents relating to the Deputy Maloney investigation relying, in part, on an unspecified privilege. Plaintiff says the objection is improper because it does not "expressly make the claim" of privilege, as required by Fed. R. Civ. P. 26(b)(5).

### E. DEFENDANTS FAILED TO PRODUCE AN EVIDENCE LOG

Plaintiff says the Defendants failed to produce an evidence log which describes the nature of the documents, communications or things not disclosed, as required by Fed. R. Civ. P. 26(b)(5) and as outlined by Magistrate Steven D. Pepe in *Donnelly Corp v Guardian Industries Corp.*, Unpublished Case No. 05-74444 (E.D. Mich 2007).

### F. DEFENDANTS' FILING OF BOILERPLATE OBJECTIONS IS IMPROPER

Plaintiff says the Defendants' filing of boilerplate objections, without providing substantive responses, is invalid and tantamount to filing no objections at all.

## III. DEFENDANTS' ARGUMENTS

### A. EMPLOYEE DISCIPLINE RECORDS

Defendants say that of the 17 identified employees, six are deputies, one is a

detective, one is a lieutenant, and nine are sergeants. Defendants say none of the lower level employees is similarly situated to Plaintiff, a sergeant. Further, Defendant says Plaintiff has not identified the misconduct of the nine sergeants and has made no showing that their conduct was similar to Plaintiff's. Defendants say the request is merely a fishing expedition. Defendants also suggest that Plaintiff, who is running as a candidate for Oakland County Sheriff against Defendant Bouchard, is seeking the disciplinary records to use in her campaign.

### B. RECORDS RE: DISCIPLINARY ACTIONS AGAINST OTHER EMPLOYEES

Defendants say this request is overbroad in time and scope, because it would require Defendants to search the personnel files of every person employed since January 1, 1999. Defendants also say the request is over burdensome and improper because it seeks internal documents unrelated to rules referenced in Plaintiff's pre-termination hearing letter, as well as information not reasonably calculated to lead to the discovery of admissible information. Defendants say that information regarding employees disciplined for violation of rules unrelated to Plaintiff's conduct would not support Plaintiff's disparate treatment claim.

### C. RECORDS RE: THE SPECIAL INVESTIGATIONS UNIT'S INVESTIGATION OF DEPUTY MALONEY

Defendants say that the Deputy Maloney investigation does not relate to Plaintiff or her employment. Defendants also say this request is not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff cannot use extrinsic evidence to impeach Miller on a collateral issue; it is therefore, irrelevant.

4

### D. DEFENDANTS IMPROPERLY CLAIM AN UNSPECIFIED PRIVILEGE

Defendants do not address this issue.

### E. DEFENDANTS FAILED TO PRODUCE AN EVIDENCE LOG

Defendants do not address this issue.

### F. DEFENDANTS' FILING OF BOILERPLATE OBJECTIONS IS IMPROPER

Defendants do not address this issue.

## IV. PLAINTIFF'S REPLY

### A. DISCIPLINE RECORDS/DISCIPLINARY ACTION RECORDS

Plaintiff says that contrary to Defendants' response, Defendants have a database which categorizes discipline by: (1) employee name, (2) date of offense, (3) rule of violation, (4) rule description, (5) type of discipline, and (6) summary of allegations. (Plaintiff attaches a copy of a printout from the database as its Exhibit 1. ) Thus, Defendant says once the database is accessed, the Defendants can easily pull the related employee files and produce copies of the files for Plaintiff to comply with her discovery request.

Plaintiff also says Defendants are bound by the deposition testimony of Defendant Shields that officers, deputies, sergeants, lieutenants, and captains are "treated equally and disciplined equally." Thus, Plaintiff says Defendants are precluded from now arguing that Plaintiff is not similarly situated to the 17 individuals.

Plaintiff next says Defendant McCabe testified that refusing to answer a question is the "worst offense there is." Therefore, whether other similarly situated employees have been terminated for "fatal" violations of other departmental rules, including criminal

5

acts, is relevant evidence.

Lastly, Plaintiff says a protective order covers the requested documents and prohibits their disclosure. (See Protective Order, Docket No. 12)

### B. DEPUTY MALONEY INVESTIGATION

Plaintiff says the only issue before the Court, at this point, is whether the documents are discoverable (i.e., relevant or likely to lead to the discovery of relevant information), not whether they are admissible. Plaintiff says even assuming arguendo that the documents will not be admissible at trial for impeachment, Plaintiff could still question and impeach Sgt. Miller with the information contained in the documents.

## V. ANALYSIS

Fed. R. Civ. P. 26(b) controls the scope of discovery, unless otherwise limited by order of the court. It provides in pertinent part:

> Parties may obtain discovery regarding **any** matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). (Emphasis added).

The disciplinary records requested by Plaintiff are relevant to her claim of gender discrimination; they would tend to support or negate her disparate treatment claim. Likewise, the Maloney investigation records appear to be relevant to Miller's credibility or veracity, since he is the person who conducted the investigation which resulted in her termination.

Defendants say the use of the documents to attack Miller's credibility on collateral issues is prohibited by FRE 608(b). Defendants' assertion, however, is not

6

completely accurate. FRE 608(b) relates to the admissibility of evidence at trial, not at the discovery stage.

"Opinion or reputation that the witness is untruthful specifically qualifies as an attack under the rule, and evidence of misconduct, including conviction of crime, and of corruption also fall within this category." FRE 608, Advisory Committee Notes. FRE 608(b) prohibits the introduction of extrinsic evidence to prove specific instances of conduct of a witness when the purpose of introducing these acts is to impeach the witness' character for veracity. By limiting the application of the Rule to proof of a witness' character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403. *Id.*

Plaintiff identifies a MSP Report regarding the Maloney investigation which contradicts the deposition testimony of Miller. Further discovery of the Maloney investigation records could reveal additional inconsistent statements that would be probative of his truthfulness. These records could also identify a pattern of improper conduct or misconduct while conducting investigations. These records could be relevant for impeachment purposes on the issues of motive, bias, and/or his own truthfulness, or that of other witnesses whom he interviewed.

These records also appear to be relevant to Plaintiff's claim of gender discrimination, since it would seem that having sex with a wife/witness of a co-worker Miller investigated would violate departmental rules and regulations; the records would tend to support Plaintiff's disparate treatment claim.

"A request for discovery . . . should ordinarily be allowed unless it is clear that the

7

information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.,* 137 F.R.D. 336, 341 (D. Kan. 1991). At this discovery stage, the information appears reasonably calculated to lead to the discovery of admissible evidence. As such, all requested records are discoverable, absent a valid privilege. Defendants have not argued, briefed or otherwise addressed the privilege issue. Thus, no valid claim of privilege is identified that can be asserted concerning any requested documents. Lastly, the documents are covered by a protective order which prohibits the disclosure of confidential information.

Defendants do not have a valid basis in law or fact to object to the production of the requested documents. The Court orders Defendants to produce the documents requested in Plaintiff's Fifth and Eighth Requests for Production of Documents.

IT IS ORDERED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 2, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 2, 2008.

s/Carol A. Pinegar
Deputy Clerk