UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE BOUDREAU,                                              Case No. 07-10529

    Plaintiff,                                          Hon. Victoria A. Roberts
v.

MICHAEL BOUCHARD, MICHAEL McCABE,
DAMON SHIELDS, JAMES A'HEARN,
Individually and in their official capacities,
and COUNTY OF OAKLAND,

    Defendants.

_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL
THE DEPOSITION OF DEFENDANT MICHAEL BOUCHARD**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Compel the Deposition of Defendant Michael Bouchard, filed August 19, 2008. Defendants filed a Response on September 5, 2008.

**II.  BACKGROUND**

Plaintiff, an 18-year veteran of the Oakland County Sheriff's Department, brings this action against the County of Oakland; Oakland County Sheriff, Michael Bouchard; Under-Sheriff, Michael McCabe; Major, Damon Shields; and Lieutenant, James A'Hearn. She alleges wrongful discharge, gender discrimination, slander and libel. After Defendants refused to produce Defendant Bouchard for deposition, Plaintiff filed a Motion to compel. Defendants ask the Court to issue a Protective Order precluding

1

Bouchard's deposition.

## III. CASE LAW AND ANALYSIS

Fed. R. Civ. P. 26(b) controls the scope of discovery, unless otherwise limited by order of the court. It provides in pertinent part:

> Parties may obtain discovery regarding *any* matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1), emphasis added.

Similarly, Fed. R. Civ. P. 30 provides for broad access to persons during the discovery process. It says, in pertinent part:

> **(a) When Depositions May Be Taken; When Leave Required.**
> (1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45. FRCP 30(a)(1).

Notwithstanding Rules 26(b) and 30, Defendants say Bouchard is not subject to deposition because he is a high-ranking official. Defendants cite *United States v Morgan*, 313 U.S. 409, 422, 61 S. Ct. 999, 85 L. Ed. 1429 (1941); *Bogan v City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Marisol v Giuliani*, 1998 WL 132810 (S.D.N.Y. 1998); *Hankins v City of Philadelphia*, 1996 WL 524334 (E.D. PA 1996); and *Jackson v City of Detroit*, 2007 WL 2225886 (E.D. Mich 2007) as support for this proposition.

In *United States* v. *Morgan*, the Supreme Court indicated that the practice of calling high ranking government officials as witnesses should be discouraged. Relying on *Morgan*, other courts concluded that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for

2

taking official action." *Simplex Time Recorder Co.* v *Sec'y of Labor*, 247 U.S. App. D.C. 85, 766 F.2d 575, 586 (D.C. Cir. 1985); see also *In re United States (Holder)*, 197 F.3d 310, 313 (8th Cir. 1999); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). This rule is based on the notion that "high ranking government officials have greater duties and time constraints than other witnesses" and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation. *Kessler*, 985 F.2d at 512.

But this limitation is not absolute. Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. *See Baine* v. *Gen. Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991); *Church of Scientology of Boston* v. *IRS*, 138 F.R.D. 9, 12 (D. Mass. 1990); *Cmty. Fed. Sav. & Loan Ass'n* v. *Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983). However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information. *Holder*, 197 F.3d at 314.

The cases cited by Defendants can be distinguished from this case. *Morgan*, *supra*, cited by Defendants, involved an appeal of an order of the U.S. Secretary of Agriculture related to a rate schedule for market agencies for their services at the Kansas City Stockyards. During the course of protracted litigation, the district court authorized the market agencies to take the deposition of the Secretary. The Secretary was questioned at length regarding the process by which he reached the conclusions of his order and his consultation with subordinates. The Supreme Court ruled that the Secretary should not have been subjected to deposition. The Court reasoned that a proceeding before the Secretary resembles a judicial proceeding and the integrity of

that process must be preserved.

*Bogan, supra,* involved an appeal in a civil rights action against the City of Boston arising from the illegal inspection of a rooming house.  Plaintiffs challenged the district court's protective order preventing them from deposing the mayor.  The identity of the city official who ordered the inspection and the reason for the inspection were disputed issues of fact.  The court ruled that the district court did not abuse its discretion in issuing the protective order because the plaintiffs did not seek other available avenues of discovery.  The court said it was incumbent on the plaintiffs to seek the requested information from other mayoral aides and employees before turning to the mayor.

*Marisol, supra,* was an action challenging systemic deficiencies in New York City's Child Welfare Administration. The mayor had reorganized the administration and formed a new agency with a new commissioner in charge.  After plaintiffs noticed the mayor's deposition, the city defendants sought an order quashing the deposition notice and for a protective order precluding the deposition of the mayor.  The court granted the motion because the plaintiffs failed to show that the requested information was not available from other sources.  The court reasoned that the topics about which plaintiffs sought to depose the mayor did not involve specific day-to-day operations.  Since the mayor had no personal knowledge about the specific matters at issue, it would be improper to depose him about every topic he addressed in a public statement at some point in time.

Lastly, in *Jackson*, *supra*, the Detroit police chief sought a protective order precluding her deposition in a wrongful death and civil rights action involving the death

of an incarcerated man at the 2nd police precinct. The police chief had directed a police commander to further investigate the matter as part of a final administrative review, but the police chief had no direct contact with the decedent.  The plaintiff said the police chief's testimony was necessary because other department officials covered up facts of the case.  The Court found that although the police chief had personal knowledge of the facts, the information could be discovered through other means, such as interrogatories. The Court allowed the plaintiff to propound 50 interrogatories to the police chief and to designate no more than 12 documents which she should review prior to responding to the questions.

Plaintiff says Bouchard's testimony is necessary because he authored the Sheriff's Office Rules and Regulations that were in effect at the time of Plaintiff's termination. Plaintiff also says that Defendant Bouchard authorized both the internal investigation and her termination, and that his testimony is critical to the issues in this case.  Defendants don't dispute this, but say Bouchard's knowledge is limited to information reported by other employees, namely Undersheriff McCabe.  Defendants say that Undersheriff McCabe is available to testify regarding the basis for initiation of the investigation and its results.  However, contrary to Defendants' assertions, McCabe's prior testimony establishes that the necessary information cannot be obtained by other sources.

Undersheriff McCabe testified at a hearing before the Personnel Appeal Board that Bouchard authorized an internal investigation after McCabe received information from other officers regarding Plaintiff's poor attendance. (Pl. Exh. #1, p. 1).  McCabe also testified that at the conclusion of the investigation, his recommendation regarding

5

discipline was suspension with pay. (Pl. Exh. #1, p. 2). A Loudermill hearing was subsequently held and thereafter, Bouchard made the termination decision. (Pl. Exh. #1, p. 2). (A Loudermill hearing is a pre-disciplinary hearing a public employer is required to conduct before discharging or imposing an unpaid suspension on a tenured employee; in order for the hearing to comport with procedural due process requirements, the employee is entitled to: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; and (3) an opportunity to present his side of the story. See *Cleveland Bd. of Education v Loudermill*, 470 US 532, 546 (1985); see also *Loudermill v Cleveland Bd. of Education*, 844 F.2d 304 (1988)). Bouchard clearly has personal knowledge about this matter, constituting more than just receipt of investigation results. Moreover, even if Bouchard just received investigation results from McCabe and other employees, he decided not to follow McCabe's recommended discipline and instead instituted harsher punishment. Only Bouchard would have direct knowledge as to why he made that decision.

Defendants say the Court should issue a protective order prohibiting Bouchard's deposition. Fed. R. Civ. P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Motions to thwart a deposition, however, are ordinarily denied. *Id.* Motions for a protective order invoke the discretion of the court. "The party seeking such an order has the burden to show valid grounds for it." *Fishback v. Lunders,* No. 92-2349-GTV, unpublished op. at 2 (D. Kan. Dec. 11, 1992).

Defendants have not shown valid grounds for a protective order. In light of

Defendant McCabe's testimony that Defendant Bouchard authorized the internal investigation and termination of Plaintiff, and that Bouchard went against McCabe's recommendation regarding discipline, Bouchard's testimony is highly relevant. Moreover, Plaintiff established that this information cannot be obtained from another source since Bouchard has direct and unique knowledge. Plaintiff agreed to limit the deposition to two hours, exclusive of breaks. This appears to be a reasonable and not unduly burdensome length of time to question Bouchard regarding his knowledge of the Sheriff's Rules, the investigation and termination decision regarding Plaintiff, and disciplinary actions regarding other employees.

## IV.  CONCLUSION

The Court GRANTS Plaintiff's Motion Compelling the Deposition of Defendant, Michael Bouchard. Per Plaintiff's offer, the Court limits the deposition to two hours, exclusive of breaks.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 25, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 25, 2008.

s/Linda Vertriest
Deputy Clerk

7