UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE BOUDREAU,

        Plaintiff,

v.

MICHAEL BOUCHARD, MICHAEL McCABE,
DAMON SHIELDS, JAMES A'HEARN,
Individually and in their official capacities,
and COUNTY OF OAKLAND,

        Defendants.
_____/

Case No. 07-10529

Hon. Victoria A. Roberts

## **ORDER**

**I.     INTRODUCTION**

        Plaintiff, a female former sergeant of the Oakland County Sheriff's Department, filed this employment discrimination action.  On August 19, 2008, she filed a Motion to Compel the Deposition of Defendant Michael Bouchard [Doc. #23].  The Court decided the Motion without oral argument and on September 25, 2008, entered its Opinion and Order [Doc. #30] granting the Motion.  The Court limited the Deposition to two hours, exclusive of breaks.

        Defendants filed this Motion for Reconsideration Regarding the Opinion and Order Granting Plaintiff's Motion to Compel the Deposition of Defendant Sheriff Bouchard [Doc. # 33], pursuant to Fed. R. Civ. P. 59(e) and E.D. Mich. L.R. 7.1(g).  Plaintiff responded.  The Motion is untimely, but the Court considers it on the merits since Defendants contend the Court made a palpable error.

        For the reasons stated below, the Court **GRANTS** the Motion.

1

## II.     STANDARD OF REVIEW

Motions under Rule 59(e) to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court only grants motions for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III.    DISCUSSION

### A.     Defendants demonstrate a 'palpable defect' requiring a different result

In their motion for reconsideration, Defendants primarily argue that the Court made a factual error regarding Undersheriff's McCabe's recommendation of discipline. They say the Court relied on a false perception that Sheriff Bouchard's termination of Plaintiff was contrary to the recommendation he received and that when this factual inaccuracy is corrected, the basis for holding that Bouchard has unique personal

information about Plaintiff's termination disappears.  Defendants also say the requested information can be obtained from other sources, therefore, Bouchard's personal knowledge alone is insufficient to compel his deposition.

In support of their position, Defendants present the Affidavit of Defendant McCabe and transcript excerpts of his testimony before the Personnel Appeal Board ("PAB"). *See* Doc. 33, Exhs. A & B.  Defendants also present a March 8, 2006 pre-termination letter signed by Defendant Damon Shields and an undated Decision affirming Plaintiff's dismissal, signed by hearing officer, Thomas Eaton. *See* Doc. 33, Exhs. C & D.

The Court reviewed the relevant material and agrees with Defendants.

In the September 25, 2008 Opinion and Order, the Court found:

> Undersheriff McCabe testified at a hearing before the Personnel Appeal Board that Bouchard authorized an internal investigation after McCabe received information from other officers regarding Plaintiff's poor attendance. (Pl. Exh. #1, p. 1).  McCabe also testified that at the conclusion of the investigation, his recommendation regarding discipline was suspension with pay. (Pl. Exh. #1, p. 2).  A Loudermill hearing was subsequently held and thereafter, Bouchard made the termination decision. (Pl. Exh. #1, p. 2).
>
> .     .     .     .
>
> Bouchard clearly has personal knowledge about this matter, constituting more than just receipt of investigation results.  Moreover, even if Bouchard just received investigation results from McCabe and other employees, he decided not to follow McCabe recommended discipline and instead instituted harsher punishment. . .

This finding was based on a two-page excerpt of McCabe's testimony before the PAB, attached to Plaintiff's Motion to Compel as Exhibit A.

3

With this Motion, Defendants provided additional excerpts of McCabe's PAB testimony:

.        .        .

Q      Did you ultimately authorize that Sergeant Boudreau be put on – be suspended with pay?

A      That is correct.

Q      And did the Sheriff ultimately authorize that she be terminated?

A      Yes, he did.

Doc. 33, Exh. B, p. 3

.        .        .

COMMISSIONER SCOTT:
     You know, there is [sic] a lot of different disciplines that are given out for various – we see it here at the P.A.B. a lot.
     When it gets to the call to terminate an employee, in this case the sergeant, where does that call come from?  Does that come from you?

THE WITNESS:
     The Sheriff and I.  The Sheriff ultimately makes the decision to terminate.

 COMMISSIONER SCOTT:
     It doesn't start at a lower level and just get reported - -

THE WITNESS:
     No, sir.

COMMISSIONER SCOTT:
     It comes from the top.

THE WITNESS:
     Well, we get recommendations.

COMMISSIONER SCOTT:
     Okay.

THE WITNESS:
    The Major may make a recommendation, say "I think we should terminate this employee," absolutely.

COMMISSIONER SCOTT:
    Okay, and then you digest the information and make –

THE WITNESS:
    Yes, sir.

Doc. 33, Exh. B, p. 19

.    .    .

HEARING OFFICER LONG:
    Okay. I just have one, just to reiterate. You at first recommend suspension with pay?

THE WITNESS:
    Well, yeah.

HEARING OFFICER LONG:
    After the original --

THE WITNESS:
    I call it a paid vacation, but yeah, suspension with pay.

HEARING OFFICER LONG:
    And then you tell –

THE WITNESS:
    We can't suspend somebody unless we do a Loudermill Hearing. We are taking property away from them.

HEARING OFFICER LONG:
    Okay. So that was – and then you had the Loudermill Hearing, and then it came from --

THE WITNESS:
    We had a Loudermill Hearing subsequent to that.

HEARING OFFICER LONG:
    Sheriff Bouchard then ultimately made – like he said, made the termination decision.

    THE WITNESS:
        Correct.

Doc. 33, Exh. B, pp. 20-21.

Defendants also provided McCabe's Affidavit, which clarifies the order of events. He says that: (1) Plaintiff was suspended with pay after refusing to answer a question in a compelled statement; (2) after Plaintiff's suspension, he received the investigation report; (3) after reviewing the report and discussing it with Defendant Shields, he recommended Plaintiff's dismissal; (4) he later discussed the investigation results with Defendant Bouchard and communicated his recommendation of dismissal; (5) Defendant Bouchard instructed McCabe to proceed with Plaintiff's dismissal; and (6) after receiving Bouchard's instruction, Plaintiff was notified of the pre-termination hearing, the hearing was held on March 9, 2006, and Plaintiff's termination was affirmed. (Doc. #33-3, Def. Mot., Exh. A).

This evidence belies the reasoning behind the Court's finding that Bouchard instituted harsher punishment than the initial recommendation of suspension with pay. While Plaintiff's termination was clearly harsher punishment than her initial suspension with pay, the termination followed compliance with due process requirements rather than the overruling of the suspension recommendation.  Defendants' evidence, therefore, demonstrates a palpable defect by which the Court and the parties have been misled. *Lockett*, 328 F. Supp. 2d at 684.  Correcting this defect will result in a different disposition.

Plaintiff says that McCabe's testimony before the PAB revealed that Bouchard authorized the initial internal investigation of her conduct and ultimately her termination.

6

Because Bouchard has personal knowledge of critical issues in the case, Plaintiff says she is entitled to depose him. Defendants say Bouchard cannot be compelled to give deposition testimony because he is a high-ranking individual and the requested information is available from McCabe and other sources.

Defendants concede that Bouchard has personal knowledge about this matter. It may even be said that Bouchard has superior knowledge since the ultimate termination decision rested with him. However, the evidence is uncontroverted that other persons conducted the investigation and the results and recommendations were communicated to Bouchard. At this juncture, there is no showing that any information Bouchard may have about the initiation of the investigation and its results, is not available from other sources or through less burdensome means.

### IV. CONCLUSION

Defendants' Motion for Reconsideration is **GRANTED**.

The Court amends its September 25, 2008 Order and grants Defendants a Protective Order, without prejudice to Plaintiff's right to depose Defendant Bouchard upon petition to the Court. The Court permits Plaintiff to propound fifty (50) interrogatories to Defendant Bouchard. Plaintiff should designate with particularity any documents, which should not exceed twenty-five (25), that Bouchard should review prior to responding to the interrogatories. After using these alternative discovery tools, and upon a showing to the Court that the information can only be adequately discovered through a deposition, Plaintiff may petition the Court to depose Defendant Bouchard.

**IT IS ORDERED**.

               s/Victoria A. Roberts
               Victoria A. Roberts
               United States District Judge

Dated:  January 8, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 8, 2009.

s/Linda Vertriest
Deputy Clerk

---