UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE BOUDREAU,

    Plaintiff,                                                                    Case No. 07-10529

v.                                                                                              Hon. Victoria A. Roberts

MICHAEL BOUCHARD, MICHAEL McCABE,
DAMON SHIELDS, JAMES A'HEARN,
individually and in their official capacities, and
COUNTY OF OAKLAND,

    Defendants.
_____/

## ORDER GRANTING MOTION IN LIMINE

**I.     INTRODUCTION**

    This Matter is before the Court on Plaintiff's Motion in Limine to Exclude Opinion Testimony Re: Statistics to Support Defendants' Non-Discrimination Defense Pursuant to Fed. R. Evid. 702 and 703 [Doc. 55].  For the reasons stated, the Court **GRANTS** Plaintiff's Motion.

**II.    BACKGROUND**

    Plaintiff, Jane Boudreau, brings this gender discrimination action against her former employer, the County of Oakland.  Boudreau was terminated on March 8, 2006 for violations of eight department rules and regulations.  She alleges she was treated differently than male employees and terminated due to her gender, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. 2000e *et seq.* and the Michigan Elliott

1

Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2101 *et seq*. This matter is scheduled for trial by jury.

At trial, Defendant seeks to introduce discipline summaries prepared by Dale Cunningham, Director of Administrative Services for Oakland County, to show that it does not treat female employees more harshly than male employees. The summaries are based upon a statistical analysis of past discipline of male and female employees. Boudreau asks the Court to preclude any opinion testimony and argument that Defendant does not discriminate in meting out discipline based on their statistical analysis.

### III.  STANDARD OF REVIEW

Abuse of discretion is the proper standard of review of a district court's evidentiary rulings. *Old Chief v. United States*, 519 U.S. 172, n. 1, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (slip op., at 1-2, n.1), *United States v. Abel*, 469 U.S. 45, 54, 83 L. Ed. 2d 450, 105 S. Ct. 465 (1984). A court of appeals applying "abuse of discretion" review to such rulings may not categorically distinguish between rulings allowing expert testimony and rulings which disallow it. Compare *Beech Aircraft Corp v. Rainey*, 488 U.S. 153, 172, 102 L. Ed. 2d 445, 109 S. Ct. 439 (1988) (applying abuse of discretion review to a lower court's decision to exclude evidence) with *United States v. Abel,* 469 U.S. at 54, (applying abuse of discretion review to a lower court's decision to admit evidence). "A district court abuses its discretion if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Brown v. Raymond Corp.*, 432 F.3d 640, 647 (6th Cir. 2005) (citation and internal quotation marks omitted).

### IV.  CASE LAW AND ANALYSIS

Boudreau moves the Court, pursuant to Federal Rules of Evidence 702 and 703, to preclude expert opinion testimony and attorney argument that Defendant doesn't discriminate in meting out discipline, based upon the statistical analysis of past discipline conducted by Cunningham.  Boudreau says that Cunningham's discipline summaries were based upon an unreliable discipline log prepared by defense counsel's paralegal and do not constitute a valid, scientific, statistical study.  Boudreau also says Cunningham is not qualified by education or training to offer opinions regarding statistical analysis.

Defendant counters that Cunningham's testimony relates to simple math calculations that he performed based on a spreadsheet of disciplinary actions which he compiled during discovery; 132 disciplinary records were included.  Defendant says Cunningham is not being offered as an expert witness, and that no expert testimony is required to present this information because it does not require specialized training to understand.  Defendant contends that Boudreau's claim that the 132 disciplinary records relate to similarly situated employees makes Cunningham's analysis proper evidence.  It says the calculations are admissible under Federal Rule of Evidence 1006.

Rule 702 governs expert testimony.  It provides:

> if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

> Similarly, Rule 703 governs the bases of opinion testimony by experts:
>
> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court." Fed. R. Evid. 1006.

In its role as gatekeeper, the district court must determine the relevance and reliability of all evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401.

Review of the proposed evidence persuades the Court that none should be admitted. Cunningham prepared four discipline summaries. The first summary, entitled "Discipline.Rule.Violation," is comprised of two pages; it lists 132 cases involving civilian and administrative employees who were cited for the eight rule violations enumerated in

4

Boudreau's termination letter.  The chart includes the employees' rank, sex, rule violation(s) and discipline. See Doc. 55, Exh. 3.  The second summary, entitled "Discipline (1997-2007)," includes a numerical and percentage breakdown of discipline for the same 132 cases, in comparison to the overall staff population. See Doc. 55, Exh. 4. The third summary, entitled "Rule Breakdown (1997 - 2007)," includes a numerical and percentage breakdown of rule violations for the 132 cases. See Doc. 55, Exh. 5. The fourth summary, entitled "Discipline Breakdown (1997 - 2007)," includes a numerical and percentage breakdown of discipline for the 132 cases. See Doc. 55, Exh. 6.

      Defendant seeks to introduce these summaries to show that it does not treat female employees more harshly than male employees.  However, Boudreau does not allege that Defendant generally discriminates against female employees, but rather that it individually discriminated against her.  Therefore, statistical analysis of the discipline rates for other female Sheriff's Office employees is not relevant to the ultimate issue here – whether Defendant intentionally discriminated against Boudreau based on her gender.

      The Supreme Court noted that there is a "manifest" and "crucial" difference between an individual's claim of discrimination and an action alleging a general pattern or practice of discrimination. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876, 81 L. Ed. 2d 718, 104 S. Ct. 2794 (1984).  Thus, the Sixth Circuit held "that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs." *Bacon v. Honda of America Manufacturing, Inc.*, 370 F.3d 565, 575 (6th Cir. 2004).  The *Bacon* court reasoned "that a pattern-or-practice claim is focused on

5

establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case." *Id.* Conversely, this Court believes it is also inappropriate for disproving discrimination in an individual case.

Additionally, as Defendant notes, the data contained in the 132 case spreadsheet was the subject of several discovery motions and orders. During the course of discovery, Defendant admitted that the discipline log contained only partial information and thus, under-reported employee discipline for rule violations. Boudreau agreed to limit her request to these documents, and the Court obliged. Second, the summaries do not include all similarly situated evidence outlined by Boudreau, e.g., Sergeant Miller, and thus does not appear to be complete. And lastly, Cunningham himself testified that he did not know if the records were accurate.

The Court finds that Cunningham is not an expert, nor does he have to be qualified as an expert to testify regarding this evidence. Nonetheless, the Court believes it would be inappropriate for the jury to rely on statistical calculations performed on incomplete records. Use of these calculations as a primary means to disprove disparate treatment, would tend to confuse the issues or mislead a jury, and therefore, the Court finds they are inadmissible under Fed. R. Evid. 403.

## IV.   CONCLUSION

The Court **GRANTS** Plaintiff's Motion in Limine.

establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case." *Id.* Conversely, this Court believes it is also inappropriate for disproving discrimination in an individual case.

Additionally, as Defendant notes, the data contained in the 132 case spreadsheet was the subject of several discovery motions and orders. During the course of discovery, Defendant admitted that the discipline log contained only partial information and thus, under-reported employee discipline for rule violations. Boudreau agreed to limit her request to these documents, and the Court obliged. Second, the summaries do not include all similarly situated evidence outlined by Boudreau, e.g., Sergeant Miller, and thus does not appear to be complete. And lastly, Cunningham himself testified that he did not know if the records were accurate.

The Court finds that Cunningham is not an expert, nor does he have to be qualified as an expert to testify regarding this evidence. Nonetheless, the Court believes it would be inappropriate for the jury to rely on statistical calculations performed on incomplete records. Use of these calculations as a primary means to disprove disparate treatment, would tend to confuse the issues or mislead a jury, and therefore, the Court finds they are inadmissible under Fed. R. Evid. 403.

**IV.   CONCLUSION**

The Court **GRANTS** Plaintiff's Motion in Limine.

**IT IS ORDERED.**

                                                      s/Victoria A. Roberts
                                                      Victoria A. Roberts
                                                      United States District Judge

Dated:  January 7, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 7, 2010.

s/Linda Vertriest
Deputy Clerk

---